UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE VARGAS, )<br><br>Plaintiff, )<br><br>v. )<br><br>MASSACHUSETTS DEPARTMENT OF )<br>CHILDREN AND FAMILIES, et al., )<br><br>Defendants. ) | Civil Action No.<br>25-12171-FDS |

## ORDER

**SAYLOR, J.**

Plaintiff Michelle Vargas, who is proceeding *pro se*, has brought an action under 42

U.S.C. § 1983 alleging that employees of the Commonwealth's Department of Children and

Families ("DCF") wrongfully removed her children from her custody.[1]  For the reasons set forth

below, the Court will dismiss this action without prejudice.

### I.     Background

In her original complaint, plaintiff named DCF and two DCF employees as defendants.

(Dkt. No. 1).  On January 23, 2026, the Court issued an order directing plaintiff to file an

amended complaint if she wished to proceed with this action.  (Dkt. No. 5).  The complaint did

not make any factual allegations concerning the individual defendants, and DCF is not subject to

suit under 42 U.S.C. § 1983.  The Court stated that the amended complaint had to identify the

alleged misconduct of each defendant, and further said that plaintiff should follow the directions

---

[1] According to DCF records submitted by plaintiff, her children were born in 1996, 1998, and 2004.  (Dkt.
No. 7-3 at 11).

of the form complaint to "[s]tate how each defendant was involved and what each defendant did that . . . violated the plaintiff's rights, including the dates and places of that involvement or conduct," and that she would need to "[a]ttach additional pages" to the form complaint to adequately identify the alleged misconduct of each defendant.

On February 3, 2026, plaintiff filed an amended complaint. (Dkt. No. 7).[2] The complaint names as defendants three DCF employees (Kalah Dasilva, Carolyn Taylor, John Civello) and an attorney for plaintiff's daughter (Ann Crowly). The statement of the claim consists of the following:

> My kids was taken without due process. I have done every thing asked even got an evaluation that states there is nothing wrong with me. They let my daughter [A.G.] die in her [illegible word] that controls seizures. Made false accusations on me. Now using disability why I can't parent.

Amend. Compl. at 4. Plaintiff seeks "18 yrs of emotional damages" and "due process." *Id.*

With the amended complaint, plaintiff submitted thirteen pages of exhibits. (Dkt. No. 7-3). Those included a 2016 letter indicating that a psychological and parenting evaluation of plaintiff was underway, *id.* at 3; a May 16, 2022 letter from defendant DaSilva informing plaintiff that DCF was closing her family's case because she had "successfully completed the tasks and developed the skill [they] agreed on," *id.* at 6; and DCF case notes by defendant Civello, *id.* at 10-14.

## II.    Discussion

The amended complaint fails to state a claim upon which relief can be granted. While it broadly alleges that plaintiff's children were removed from her custody without due process, it does not identify the alleged misconduct of each specific defendant. The exhibits to the amended

---

[2] Plaintiff filed a motion for leave to proceed *in forma pauperis* with her amended complaint. (Dkt. No. 8). Because the Court granted the motion for leave to proceed *in forma pauperis* that plaintiff filed with her original complaint, the second *in forma pauperis* motion will be terminated as moot.

complaint mention two of the defendants, but the documents do not explain what each defendant did that allegedly violated plaintiff's rights.  The amended complaint does not provide each defendant with "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Furthermore, it does not "contain actual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It also appears that this action is time-barred.[3]  The statute of limitations period for a claim under § 1983 is three years.[4]  Thus, once plaintiff discovered or reasonably should have discovered that the defendants' alleged misconduct injured her, she had three years to file a lawsuit concerning that injury.  *See Bowen v. Eli Lilly & Co., Inc.*, 408 Mass. 204, 205-06 (1990) (stating that a claim accrues "when a plaintiff discovers, or any earlier date when she should reasonably have discovered, that she has been harmed or may have been harmed by the defendant's conduct").  Plaintiff commenced this action on August 1, 2025.  For this case to have been timely filed, her claim could not have accrued any earlier than August 1, 2022.  The amended complaint does not identify any event relevant to her claim that occurred on or after that date.

---

[3] A complaint fails to state a claim upon which relief can be granted if the facts, treated as true, show that the claims are time-barred.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).

[4] See *Poy v. Boutselis*, 352 F.3d 479, 483 (1st Cir. 2003) (noting that Section 1983 "borrows the appropriate state law governing limitations unless contrary to federal law."); M.G.L. ch. 260, § 2A (stating three-year statute of limitations for personal injury actions); *Fincher v. Town of Brookline*, 26 F.4th 479, 485-86 (1st Cir. 2022) (applying three-year limitations period under M.G.L. ch. 260, § 2A Massachusetts to claims under 42 U.S.C. § 1983).

III.    **Conclusion**

For the foregoing reasons, this action is hereby DISMISSED without prejudice for failure

to state a claim upon which relief can be granted.

**So ordered.**


/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: April 8, 2026                         United States District Judge

4